UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATEMA AKTER<br>146/5 AHMEDBAGH, BASABO,<br>SOBUJBAGH DHAKA-1214<br>Bangladesh<br><br>Plaintiff<br><br>Against<br><br>NATHAN FLOOK, in his official capacity as the United States Consul General in Dhaka.<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600,<br>600 19th Street NW.,<br>Washington DC 20522<br><br>Defendant | Case No.:<br><br>COMPLAINT |

**DESCRIPTION OF ACTION**

1. This is an action brought by Plaintiffs against the Defendant to compel action for a final decision on FATEMA AKTER's immigrant visa matter, which has been unreasonably delayed.

**JURISDICTION**

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §701 et seq., both laws of

1

the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. §1331.

## DESCRIPTION OF PARTIES

3. FATEMA AKTER is a national, citizen and resident of Bangladesh, who is the beneficiary of an approved immigrant visa petition and has applied for an immigrant visa at the U.S. Consulate General at Dhaka and has been assigned a File Number of DHK2020698021.

4. NATHAN FLOOK is a consular officer of the United States employed by the Department of State as the United States Consul General in Dhaka.

5. NATHAN FLOOK is authorized to grant or finally refuse immigrant visas in such cases as are presented to her.

6. NATHAN FLOOK resides for official purposes in Bangladesh.

## BRIEF STATEMENT OF RELEVANT FACTS

7. On April 14, 2020 the USCIS approved Shahidul Islam's Petition for Alien Relative to classify FATEMA AKTER as the spouse of U.S. lawful permanent resident.

8. FATEMA AKTER applied for an immigrant visa on July 19, 2020.

9. The Department of State received all necessary documents from FATEMA AKTER and the United States Citizenship and Immigration Services necessary to process FATEMA AKTER's immigrant visa application on or before February 8, 2021.

10. Upon information and belief FATEMA AKTER's matter was presented to NATHAN FLOOK on or before March 10, 2021.

11. Since that time no further action has occurred in FATEMA AKTER'S matter.

2

12. Section 237 of Public Law 106-113 provides that it is the policy of the Department of State to process immigrant visa applications of immediate relatives of United States citizens within 30 days of the receipt of all necessary documents from the applicant and the Immigration and Naturalization Service[1].

13. NATHAN FLOOK is an employee of the Department of State and, accordingly, bound by its policies.

14. In the alternative, upon information and belief, it is NATHAN FLOOK's policy that matters presented to him, including immigrant visa applications, are brought to a conclusion on a first in first out basis.

15. Upon information and belief, NATHAN FLOOK has issued or finally denied immigrant visas to numerous visa applicants who filed all documents necessary to become documentarily qualified for immigrant visa interviews, and from whom all necessary documents had been received from USCIS, after March 10, 2021.

## CAUSE OF ACTION

16. The APA imposes a duty upon an administrative agency to pass upon a matter presented to it within a reasonable time after it is presented to her. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003).

17. Accordingly, NATHAN FLOOK had a duty to pass upon FATEMA AKTER's application for an immigrant visa within a reasonable time after it was presented to her.

---

1. [1] On March 1, 2003, the duty to submit to the Department of State all necessary documents pertaining to the beneficiaries of approved immigrant visa applicants was transferred by Congress from the Immigration and Naturalization Services to the United States Citizenship and Immigration Services.

3

18. In this circuit, in cases seeking mandamus, unreasonable delay is evaluated under the *TRAC* factors. *Cmty. Voice v. United States EPA (In re Cmty. Voice)*, 878 F.3d 779, 786 (9th Cir. 2017).

19. Those factors are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79-80 (citations and internal quotation marks omitted)

20. Here the rule of reason has been provided by Congress, which has directed that it *shall* be the policy of the Department of State to process immigrant visa applications of the immediate relatives of United States citizens within 30 days of the receipt of all necessary documents from the applicant and the Immigration and Naturalization Service."[2] Public Law 106-113 § 237 (emphasis added).

21. Alternatively, upon information and belie, NATHAN FLOOK purports to comply with the first in first out method in granting or finally denying immigrant visa matters.

---

[2] "On **March 1, 2003**, the INS [Immigration and Naturalization Service] ceased to exist. Most of its functions were transferred to a new cabinet-level department, the **Department of Homeland Security**." *Nijjar v. Holder*, 689 F.3d 1077, 1078-1079 (9th Cir. 2012) (bracketed words added).

22. Regardless of which of these rules of reason NATHAN FLOOK purports to comply with, by granting or finally denying the immigrant visa applications of persons whose matter should have been considered after FATEMA AKTER according to the corresponding rule of reason, he has shown that he fails to comply with it.

23. Had he so complied, a decision to grant or finally deny FATEMA AKTER's immigrant visa matter would already have been made.

24. Accordingly, the first factor tip sharply in Plaintiffs' favor

25. The remaining factors either also tip sharply in favor of the Plaintiff or, at worst, are neutral.

26. Factor (2): Congress has provided an indication of the speed with which it expects the agency to proceed in Pub. L. 106-113 § 237, where it directed that it be the policy of the Department of State to process immigrant visa applications of immediate relatives of United States citizens within 30 days of the receipt of all necessary documents from the applicant and the Immigration and Naturalization Service.

27. Alternatively, Congress has provided an indication of the speed with which it expects the agency to proceed in 8 U.S.C. § 1571(b), providing that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.

28. Regardless of which speed Congress has indicated that FATEMA AKTER's immigrant visa matter should be granted or finally refused, NATHAN FLOOK has exceeded it, and so factor (2) tips sharply in Plaintiffs' favor.

29. Factor (3): FATEMA AKTER's welfare is very much at stake here in that Bangladesh in that the country's government engages in unlawful or arbitrary killings, including extrajudicial killings; forced disappearance; torture or cruel, inhuman, or degrading treatment or punishment

5

by the government; harsh and life-threatening prison conditions; arbitrary arrests or detentions; political prisoners or detainees; punishment of family members for offenses allegedly committed by a relative; serious restrictions on free expression; lack of investigation of and accountability for gender-based violence, sexual violence, workplace violence.

30. In particular, FATEMA AKTER is at risk for persecution in that country do to her association with her husband, who has been granted asylum in the United States because of his well-founded fear of persecution by members of the ruling Awami League in Bangladesh.

31. Therefore this factor tip sharply in favor of Plaintiff.

32. Factor (4): there does not appear to be any agency activities of a higher or competing priority which adjudicating the Plaintiffs' matter would affect. Therefore, this factor is neutral.

33. Factor (5) tips sharply in favor of the Plaintiff. The interests which are prejudiced by delay are not merely economic but go to the most vital interests imaginable – the ability to live a decent life free from the horrors of political repression and terrorist violence, as well as to have a healthy marriage and family life.

34. Finally, Factor (6) is neutral.

35. Inasmuch as 4 of the TRAC factors tip sharply towards the Plaintiffs, while the remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted.

36. This Court has jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. § 1361.

37. Further, this Court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

**RELIEF REQUESTED**

Wherefore it is respectfully requested that the Court compel NATHAN FLOOK to grant or finally refuse an immigrant visa to FATEMA AKTER forthwith.

Respectfully submitted January 17, 2024

/s/ *Michael E. Piston*

Michael E. Piston (MI 002)
Attorney for the Plaintiff
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com