UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FATEMA AKTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 24-CV-00146(CRC) |
| NATHAN FLOOK, | ) ) | |
| Defendant. | ) ) ) | |
|  | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION
TO  DISMISS**

## ARGUMENT

### I.     Plaintiff's Filing as a Matter of Course of an Amended Complaint Moots this Motion.

Plaintiff has recently filed an Amended Complaint as a matter of course. This moots this motion. **"**Upon the filing of the plaintiff's Amended Complaint, the defendants' motion to dismiss became moot. *See Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("When a plaintiff files an amended  complaint as of right within [twenty-one] days after the filing of [a] motion to dismiss under Rule 12(b), (e), or (f), the amended complaint becomes the operative pleading, and any pending motion to dismiss becomes moot[.]" (citations omitted)).

### II.     5 USC 555(b) Places  s Clear, Non-Discretionary Duty on a Consular Officer to Conclude an Immigrant Visa Application Brought to it in a Reasonable Time

The government claims that Nathan Flook has no clear duty to adjudicate any specific visa application. However, "[t]he APA 'imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it "'within a reasonable time.'"" *Meyou v. United States Dep't of State*, 2022 U.S. Dist. LEXIS 88737, *7, 2022 WL 1556344 (D.D.C.), quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003), quoting 5 U.S.C. § 555(b).  In fact, § 555(b) is precisely the sole basis upon which the court of appeals found such a nondiscretionary duty to exist in  *Mashpee*.

In *Mashpee*, "[t]he Secretary argues that because the BIA did not in its regulations impose upon itself a 'mandatory, nondiscretionary duty to begin to consider the Mashpee petition' by a time certain, the district court 'lacked jurisdiction to exercise mandamus to compel Interior to place the Mashpee petition on active consideration.'". *Id.* at 1099. The court directly rejected this argument because "Mashpee's claim arose under the

Administrative Procedure Act, which imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time', 5 U.S.C. § 555(b)." *Id.*

The fact that the court did not find any other basis upon which the Secretary had a mandatory, nondiscretionary duty to begin to consider the *Mashpee* petition by a time certain, establishes that none other was needed. If § 555(b) imposed a mandatory non-discretionary duty upon the agency in *Mashpee*, there is no reason why it would not also impose such a duty upon the consul in the processing of visas, the government offers none, and in fact numerous courts of this district have so held. *See, e.g.*, *Meyou,* 2022 U.S. Dist. LEXIS 88737 at *7, *Vulupala v. Barr*, 438 F. Supp. 3d 93, 100-101 (D.C.D. 2020); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 282 (D.C.D. 2016).

### III.    On the Merits, the Delay Here is Unreasonable

Application of the TRAC factors demonstrate that the delay experienced by Ms. Akter in bringing her immigrant visa application to a conclusion is unreasonable.

*A. The first TRAC factor tips sharply in Ms. Akter's favor*

"The D.C. Circuit has explained that the first TRAC factor—the time agencies take to make decisions must be governed by a 'rule of reason'—is the 'most important,'". Memon v. Blinken, 2023 U.S. Dist. LEXIS 17016, *4, 2023 WL 1438396, (D.C.D.C.) quoting *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). "In general, courts in this jurisdiction have regularly found that the Government applies a 'rule of reason' to the review of visa petitions by adjudicating applications in the order they were filed. ... Simply put, the inquiry begins and ends with Defendant's consistent application of the 'first-in, first-out' methodology." *Memon,* 2023 U.S. Dist. LEXIS 17016, at *4-5.

Since, upon information and belief, Nathan Flook and/or his predecessor(s) have issued  or finally refused numerous immigrant visas to applicants who filed all documents

necessary to become documentarily qualified for an immigrant visa interview and regarding whom all necessary documents had been received from USICS after March 20, 2021, Compl. ¶15, the Defendant certainly cannot be following a "first-in, first out" methodology.

But even if it were to be concluded that the mere fact that the Defendant does not appear to be, or even claims to be, operating on a First-In, First Out basis, was not sufficient grounds to find that he wasn't applying a rule of reason, that doesn't change the fact that to be able to prevail on this *TRAC* Factor, the Defendant should, at the very least, ***claim*** that "there [is] any rhyme or reason—congressionally prescribed or otherwise—for [the] agency's delay," *Khazaei*, 2023 WL 6065095, at *6," *Rashidian v. Garland*, 2024 U.S. Dist. LEXIS 40727, *16. Here however, the Defendant has offered no "rhyme or reason", in fact no explanation whatsoever, as to what, if any, system he is using to process visa applications, or why a decision has yet to be made on Fatema Akter's visa application.

Further, the mere fact that Ms. Akter's visa application has been pending less than any particular time period is not only facially irrelevant to the question of whether the consul has been applying a rule of reason in processing immigrant visa applications, but to determine the first TRAC factor on this basis would be directly contrary to the D.C. Circuit Court of Appeals holding in *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094 (D.C. Cir. 2003) that "[w]hether a delay is unreasonable (or, of course reasonable) 'cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part… upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency',". *Id.* at 1102. (parenthetical material added).

Finally, neither the resources available to the agency nor the impact of the COVID-19 pandemic on the State Department's resources for visa processing can be of relevance in determining whether the delay here is unreasonable if neither the lack of resources nor the impact of the Covid-19 pandemic has prevented Mr. Flook from bringing to a conclusion

visa applications which became documentarily qualified, and from which all necessary documents were received from the USCIS, after Ms. Akter's.

Accordingly, inasmuch as it appears, upon information and belief, that Nathan Flook is not processing immigrant visa applications on a first-in, first-out basis, and has offered neither rhyme nor reason to explain the delay in Ms. Akter's case, and certainly none that would explain why, upon information and belief, other visa applicants who became eligible for visas after her have been processed ahead of her, the first *TRAC* factor tips sharply in Fatema Akter's favor.

### B. The 2nd TRAC factor also tips sharply in Ms. Akter's favor

The second *TRAC* factor asks whether Congress has provided an "*indication* of the speed with which it expects the agency to proceed.' *In re United Mine Workers*, 190 F.3d at 549 (emphasis added). And § 1571(b) provides such an indication, at least as a general matter: immigrant   benefit applications should be resolved within one hundred and eighty days. Because Plaintiffs' [matters] have remained pending for [much] longer than that period, the second *TRAC* factor cuts in their favor." *Hulli v. Mayorkas*, 549 F. Supp. 3d 95, 101 (D.D.C. 2021) (bracketed materials added).

In fact, the case of immediate relatives of U.S. citizens, such as Fatema Akter, Congress has expressed itself even more unequivocally, providing that

> It shall be the policy of the Department of State to process immigrant visa applications of immediate relatives of United States citizens and nonimmigrant K–1 visa applications of fiances of United States citizens within 30 days of the receipt of all necessary documents from the applicant and the Immigration and Naturalization Service.

> P.L. 106-113, § 237.

Accordingly, the second *TRAC* tips sharply in Ms. Akter's favor.

### C. The 3rd and Fifth factors also tip sharply in Fatem Akter's favor

Factor (3) strongly tips towards Plaintiff as well.  Human  welfare is very much at stake in this action, in that, "[c]ourts, …, have recognized indefinite family separation as a

form of irreparable injury. *See, e.g., Washington v. Trump*, 847 F.3d 1151, 1169 (9th Cir. 2017) (identifying "separated families" as "substantial injuries and even irreparable harms"); *Doe v. Trump*, 418 F. Supp. 3d at 598-99 (granting preliminary injunction and finding family separation caused by Proclamation to be basis for irreparable harm); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 371 (S.D.N.Y. 2019) ("[C]ourts recognize the irreparable harms that stem from being unlawfully separated from family."); *J.S.R. v. Sessions*, 330 F. Supp. 3d 731, 742-43 (D. Conn. 2018) (issuing preliminary injunction and finding that family separation was irreparable injury). *Make the Rd. N.Y. v. Pompeo*, 475 F. Supp. 3d 232, 268.

The fifth factor tips sharply in her favor for the same reason.

D.  The 4th and 6th factors are neutral

Nor does the fourth factor favor the Defendant, even though  "[t]he D.C. Circuit has 'refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial order putting [a party] at the head of the queue would simply move all others back one space and produce no net gain.'" *Rashidian*, 2024 U.S. Dist. LEXIS 40727, *19 quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). However, in *Mashpee* "other petitioners had been waiting longer for a decision, and the Secretary claimed that because of the agency's limited resources any relief to Mashpee would necessarily come at the expense of those applicants." *Id.* at 1100. No such claim has been made here, and Plaintiff has made the allegation that in fact others who have been waiting less than she have received a decision. Compl. ¶15.

In any event, Fatema Akter is not requesting that her application be expedited, but merely that it be processed according to speeds which, upon information and belief, are already slower than that of the processing of  recent applicants for immigrant visas. Therefore this Court need not consider the effect of expediting delayed action on agency activities of a higher or competing priority. True,  "[t]he D.C. Circuit has 'refused to grant relief, even though all the other factors considered in *TRAC* favored it, where a judicial

order putting [a party] at the head of the queue would simply move all others back one space and produce no net gain.'" *Rashidian*, 2024 U.S. Dist. LEXIS 40727, *19 quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). However, in *Mashpee* "other petitioners had been waiting longer for a decision, and the Secretary claimed that because of the agency's limited resources any relief to Mashpee would necessarily come at the expense of those applicants." *Id.* at 1100. No such claim has been made here, and, again, Plaintiff has alleged that in fact others who have been waiting less time than her have received a decision. Compl. ¶15. Therefore, while some courts have declined to order one plaintiff to be processed ahead of another, there is nothing in the pleading which shows that this would be effect of a ruling in Plaintiff's favor here, and no factual allegations outside the pleadings may be considered when deciding a 12(b)(6) motion. *United States v. Emor*, 785 F.3d 671, 677 (D.C. Cir. 2015).

The Sixth *TRAC* factor is likewise neutral. Although there is no evidence of Defendant's bad faith, that is merely because there is no evidence regarding Defendant's actions at all,

**The Defendant's Motion is Premature**

In *Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2020), the court reversed a decision dismissing the plaintiffs' mandamus action for failure to state a claim because

> While a 'first in, first out' approach with enumerated exceptions may be a rule of reason, we do not know enough about how the agency implements its rules and exceptions. We also think that Plaintiffs have pled sufficient facts to show that their interests are weighty, implicate health and welfare, and are harmed by the long wait. The agency may be able to refute these contentions, but at this stage we may review only Plaintiffs' pleadings. Among the issues that may be important on remand are resource constraints. The agency may well be able to show resource constraints and competing priorities in any number of ways. And courts generally "have no basis for reordering agency priorities." In re Barr Laboratories, Inc., 930 F.2d 72, 76, 289 U.S. App. D.C. 187 (D.C.Cir. 1991); see also Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 280 (4th Cir. 2004) (noting that when an agency faces "a backlog of tens of thousands of cases," it "operates in an environment of limited resources, and how it allocates those resources to address the burden of increasing claims is a calculation that courts should be loathe to second guess"). But at this

point we cannot rely on the agency's allegations to find as a matter of law that this factor necessarily favors the agency.

*Gonzalez*, 985 F.3d at 375-376.

This case is primarily distinguishable from *Gonzalez* in that here the Consul doesn't even claim to be following a First In – First Out (FIFO) approach – in fact he has stated nothing about his approach to processing immigrant visa applications at all[1]. Further, Fatema Akter's interest in family unification is undermined by the unexplained (and inexplicable) delay in her case.

Finally, just as in *Gonzalez*, even if the Defendant here does follow a rule of reason of some sort in adjudicating immigrant visas, we not only have no idea what it is, but we certainly do not know enough about how Nathan Flook implements it or any other rules and exceptions. Nor has he shown any resource constraints or competing whatsoever. Accordingly, this Court should reject the Defendant's Motion at least until there is evidence in the record of exactly how he does process visas and whether Fatema Akter's application has been processed consistent with his rule of reason, even assuming that he has one.

**CONCLUSION**

For the foregoing reasons, the Court should deny this motion.

Respectfully Submitted this 7th day of April, 2024.

*/s/ Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiff
38-08 Union Street, Ste 9A
Flushing, NY 11354
646-876-3772
Michaelpiston4@gmail.com

22 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Fatema Akter, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 24-CV-00146(CRC) |
| Nathan Flook, | ) |
| Defendants | ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendants' motion is DENIED.


SO ORDERED:


_____

_____

Date

CHRISTIOPHER R. COOPER
UNITED STATES DISTRICT JUDGE